United States District Court
Southern District of Texas
**ENTERED**
August 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:18-16-4 |
| | § | |
| TAMMY LATHAM, | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are Defendant Tammy Latham's Motion for Sentence Reduction Under the First Step Act (D.E. 147) and letter motion for compassionate release (D.E. 148).

Defendant's current Motion for Sentence Reduction Under the First Step Act (D.E. 147) is a photocopy of D.E. 143, which she filed in February 2020. For the reasons previously stated in the Court's Order entered March 10, 2020 (D.E. 144), her motion is denied.

Defendant also previously moved the Court for compassionate release. D.E. 145. In its July, 2020, Memorandum Opinion & Order denying relief, the Court wrote:

> While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii). Caring for her sick mother does not constitute a qualifying "family circumstance" under U.S.S.G. § 1B1.13(1)(A), and Defendant has failed to offer evidence of any underlying medical condition that would make her particularly vulnerable to severe illness or death should she contract COVID-19. Defendant has also failed to offer any evidence to support her claim that she attempted to exhaust her administrative remedies within the BOP before filing the current motion. The Court is similarly without sufficient information regarding Defendant's conduct while in prison to determine whether she poses a danger to society.
>
>                                         \*\*\*
>
> Because Movant has failed to demonstrate that she has complied with the exhaustion requirements under § 3582, her motion is not ripe for review, and the Court is without jurisdiction to grant it.

D.E. 146, pp. 5–6 (internal footnote omitted).

Defendant states that she has since tested positive for SARS-CoV-2, the novel coronavirus that causes COVID-19, and is more likely to become severely ill because she suffers from asthma, epileptic seizures, high blood pressure, obesity, severe migraines, anxiety, bi-polar disorder, depression, a weak bladder, an enlarged liver, deteriorating eyesight, restless leg syndrome, insomnia, and severe stomach pain; is a chronic smoker; and has no gallbladder.[1] She also says that her 10-year-old daughter "has health issues and caregivers fear the[y] cannot continue to take on that responsibility. She is about to begin school and the[y] feel her life decision should be made by me." D.E. 148, p. 2.[2]

Defendant has still failed to offer any evidence establishing that she has exhausted her administrative remedies within the BOP. She has also offered no medical records supporting her claim that she tested positive for SARS-CoV-2 or that she suffers from any underlying medical conditions making her especially vulnerable to severe illness or death from COVID-19. Defendant claims that she tried to obtain her medical records from the BOP "with no results" (D.E. 148, p. 3); however, in a letter to the Court dated July 6, 2020, she stated she is "set and ready with medical records and a firm plan." D.E. 145-1. Finally, the Court still has no

---

1. According to the Centers for Disease Control and Prevention, older adults (age 65 and above) and people of any age who have certain underlying medical conditions are at higher risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (July 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. People of any age with the following conditions *are* at increased risk of severe illness from COVID-19: Cancer, Chronic kidney disease; COPD (chronic obstructive pulmonary disease); Immunocompromised state from solid organ transplant; Obesity; Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; Sickle cell disease; and Type 2 diabetes mellitus. People with the following conditions *might be* at an increased risk for severe illness from COVID-19: Asthma (moderate-to-severe); Cerebrovascular disease; Cystic fibrosis; Hypertension; Immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; Neurologic conditions, such as dementia; Liver disease; Pregnancy; Pulmonary fibrosis; Smoking; Thalassemia; and Type 1 diabetes mellitus.

2. Extraordinary and compelling circumstances for release may exist where the defendant is the only available caregiver for his or her minor children or incapacitated spouse/registered partner. U.S.S.G. § 1B1.13(1)(A).

information regarding Defendant's disciplinary history while in prison; however, her extensive criminal history over the last three decades indicates that she would pose a danger to society if released.[3] *See* U.S.S.G. § 1B1.13(2) (Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g).").

For the foregoing reasons, Defendant's Motion for Sentence Reduction Under the First Step Act (D.E. 147) and letter motion for compassionate release (D.E. 148) are **DENIED**.

It is so **ORDERED** this 19th day of August, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

---

3. Defendant's criminal history category was VI. According to the Presentence Investigation Report (PSR, D.E. 69), her scored criminal history included convictions for Possession of a Controlled Substance (3 convictions); Prostitution, Third or More; Theft with Two or More Priors; Forgery of a Financial Instrument (8 Counts); Theft Less than $1,500 with Priors; and Unauthorized Use of a Motor Vehicle. Her unscored criminal history included convictions for: Forgery of a Financial Instrument; Theft of Property (3 convictions); Prostitution (3 convictions); Possession of a Controlled Substance (3 convictions); Unauthorized Use of Motor Vehicle (2 convictions); Evading Arrest or Detention; Unlawfully Carrying a Weapon; and Manufacture/Delivery of a Controlled Substance.