UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:18-16-4 |
| | § | |
| TAMMY LATHAM, | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are Defendant Tammy Latham's letter motion to appoint a Federal Public Defender (D.E. 151) and letter motion to reconsider the Court's prior decisions denying compassionate release (D.E. 152).

## I. BACKGROUND

In 2018, Defendant pled guilty to conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. She has served roughly 30 months (63%) of her 48-month sentence and has a projected release date, after good time credit, of August 24, 2021.

On July 13, 2020, Defendant filed her first motion for compassionate release based on extraordinary and compelling reasons, claiming that she feared contracting COVID-19 while in prison and has an elderly mother who is ill and needs her at home. D.E. 145. The Court denied the motion because: (1) caring for a sick parent does not constitute a qualifying "family circumstance" under U.S.S.G. § 1B1.13(1)(A); (2) Defendant failed to offer evidence of any underlying medical condition that would make her particularly vulnerable to severe illness or death should she contract COVID-19 in prison; (3) the Court was without any information regarding Defendant's conduct while in prison to determine whether she poses a danger to society or whether a sentence reduction would be consistent with the applicable 18 U.S.C. § 3553(a) factors; and (4) the Court was without jurisdiction to grant compassionate release

1

because Defendant failed to offer any evidence that she had complied with the exhaustion requirements under 18 U.S.C. § 3582(c). D.E. 149.

Defendant filed a second motion for compassionate release on July 31, 2020, wherein she alleged that she had since tested positive for SARS-CoV-2, the novel coronavirus that causes COVID-19, and was more likely to become severely ill because she suffers from asthma, epileptic seizures, high blood pressure, obesity, severe migraines, anxiety, bi-polar disorder, depression, a weak bladder, an enlarged liver, deteriorating eyesight, restless leg syndrome, insomnia, and severe stomach pain; is a chronic smoker; and has no gallbladder. She also claimed that her 10-year-old daughter "has health issues and caregivers fear the[y] cannot continue to take on that responsibility. She is about to begin school and the[y] feel her life decision should be made by me." D.E. 148, p. 2. The Court denied Defendant's second motion for compassionate release because: (1) she still failed to offer any evidence that she has exhausted her administrative remedies within the BOP; (2) she also failed to offer any medical records supporting her claim that she tested positive for SARS-CoV-2 or that she suffers from any underlying medical conditions making her especially vulnerable to severe illness or death from COVID-19; and (3) the Court still had no information regarding Defendant's disciplinary history while in prison; however, her extensive criminal history over the last three decades indicates that she would pose a danger to society if released. D.E. 149.

## II. MOTION TO RECONSIDER

Defendant has now offered evidence that the warden of FMC Carswell denied her request for compassionate release based on her COVID-19 concerns on July 23, 2020, and denied her request for reconsideration on August 12, 2020. D.E. 152-1, pp. 1, 3. She has also offered evidence that she tested positive for SARS-CoV-2 on July 25, 2020. *Id.*, p. 17. Defendant further moves the Court to reconsider granting compassionate release because, since contracting

COVID-19, her kidneys, bladder, and breathing are being treated. She also says that she suffers from severe headaches and a rash that will not go away; has been denied access to mental healthcare and is having serious problems with her medications; has a swollen stomach that causes serious pain; and is being denied an asthma pump and bladder pads. Finally, Defendant repeats her claim that "the caregivers that have had her [10-year-old daughter] cannot except [sic] responsibility any longer due to the fact that my daughter has to return to school with health problems and they no longer want to be responsible for the decisions that affect her life." D.E. 152, p. 1.

### III. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

3

The relevant Sentencing Commission policy statement provides that the court may reduce a term of imprisonment and grant release if, "after considering the factors set forth in 18 U.S.C. § 3553(a) . . . the court determines that extraordinary and compelling circumstances warrant the reduction" and that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

**(A) Medical Condition of the Defendant.—**

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>> (II) suffering from a serious functional or cognitive impairment, or
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**

> The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(D) Other Reasons. –**
>
>> As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## IV. ANALYSIS

Defendant's medical records confirm that she suffers from a number of chronic conditions, both mental and physical. However, she is not elderly, nor is she suffering from a terminal illness or other serious medical condition that substantially diminishes her ability to perform self-care in prison. While Defendant tested positive for SARS CoV-2 more than two months ago, there is nothing to indicate that she ever became severely ill or is still suffering any effects of the virus.[1] She has also failed to offer any evidence in support of her claim that her minor daughter has no caretaker. On this record, the Court finds that Defendant has failed to demonstrate that extraordinary and compelling circumstances warrant her release.

The Court further finds that any risk to Defendant's health is outweighed by the danger to the safety of the community if she is released. While she still has not provided her prison

---

1. It is unclear whether Defendant is now immune to COVID-19. According to the Centers for Disease Control and Prevention, "Reinfection with SARS-CoV-2 has not yet been definitively confirmed in any recovered persons to date. If, and if so when, persons can be reinfected with SARS-CoV-2 remains unknown and is a subject of investigation." *Duration of Isolation and Precautions for Adults with COVID-19*, CDC (Sept. 10, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html.

disciplinary history, the Presentence Investigation Report (D.E. 69) calculated Defendant's criminal history category as VI. Her scored criminal history included convictions for Possession of a Controlled Substance (three convictions); Prostitution, third or more; Theft with Two or More Priors; Forgery - Financial Instrument (eight counts), Theft Less than $1,500 with Priors; and Unauthorized Use of a Motor Vehicle. Her unscored criminal history included additional convictions for Forgery - Financial Instrument, Theft of Property (three convictions), Possession of a Controlled Substance (two convictions), Unauthorized Use of Motor Vehicle (two convictions), Prostitution (three convictions), Evading Arrest or Detention, Unlawfully Carrying a Weapon, and Manufacture Delivery of a Controlled Substance. The Court further finds that the section 3553(a) factors, as considered in the specific context of the facts of Defendant's case, do not warrant a reduction in her sentence. Specifically, releasing her early would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

## V. CONCLUSION

For the foregoing reasons, Defendant's letter motion to reconsider compassionate release (D.E. 152) is **DENIED**. Her letter motion to appoint a Federal Public Defender to assist with her pursuit for compassionate release (D.E. 151) is further **DENIED as MOOT**.

It is so **ORDERED** this 6th day of October, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE